**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      :

v.                            :      CRIMINAL NO. 3:24-308

FRANK SUESS, *et al.*,         :          (JUDGE MANNION)

Defendants            :

## MEMORANDUM

Pending before the court is defendant Luis Salgado's motion for relief from prejudicial joinder, pursuant to Federal Rule of Criminal Procedure 14. (**Doc. 179**). For the reasons stated herein, the motion will be **DENIED**.

## I.    BACKGROUND

On November 13, 2024, a federal grand jury issued a 55-count indictment against defendants Frank Suess, Melissa Driscoll, Luis Salgado, Victor Velazco, Warren Pizik, Dave Singh, and Diana Castro. (Doc. 1). The indictment charged the defendants with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §1349, ten counts of health care fraud, in violation of 18 U.S.C. §1347, and all but Castro with an additional ten counts of healthcare fraud. *Id.* Additionally, the indictment charged Suess, Velazco, Salgado, Pizik, and Driscoll with conspiracy to violate the anti-kickback statute, in violation of 18 U.S.C. §371, and 16 counts of violation of the anti-kickback statute, in violation of 42 U.S.C. §§1320a-7b(b)(1)-(2). *Id.* It further

charged Suess, Velazco, and Driscoll with another 13 counts of violation of the anti-kickback statute, conspiracy, in violation of 18 U.S.C. §371, obstruction of criminal investigations of health care offenses, in violation of 18 U.S.C. §1518, and two counts of destruction, alteration, or falsification of records in Federal investigations, in violation of 18 U.S.C. §1519. *Id.* To date, three of the seven defendants charged in the indictment have pleaded guilty. Specifically, Pizik, Castro, and Suess. (Docs. 98, 162, 203).

The charges stem from an alleged fraud scheme in which medically unnecessary prescriptions for "footbaths," containing a variety of prescription drugs, and solicited by marketers, were filled, netting profits for the owners of the pharmacies filling them and their co-conspirators. (Doc. 1).

On March 6, 2026, Salgado filed the present motion for relief from prejudicial joinder, and an accompanying brief in support. (Docs. 179, 180). He argues that he should be tried separately due to risk of unfair prejudice from the jury hearing evidence on the obstruction charges against his codefendants. *Id.* On April 3, 2026, the Government filed its brief in opposition. (Doc. 207). Finally, on April 13, 2026, Salgado filed a reply brief to the Government's brief in opposition. (Doc. 221). The motion is thus ripe for disposition.

- 2 -

## II.    LEGAL STANDARD

The purpose of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968). Federal Rule of Criminal Procedure 8(b) addresses the joinder of defendants and provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In *United States v. Adens*, the court stated "[w]hen multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses." 2015 WL 894205, *1 (E.D.Pa. Feb. 27, 2015) (citing *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003)).

In *United States v. Mayhams*, the court discussed Rule 8(b) and explained that:

> Rule 8(b) embodies "the fundamental principle that the federal system prefers 'joint trials of defendants who are indicted

- 3 -

together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." *United States v. Jimenez*, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); *Irizarry*, 341 F.3d at 287 n.4). Nevertheless, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *Irizarry*, 341 F.3d at 289 n. 5 (quoting *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988)).

2018 WL 6524394, *4 (M.D. Pa. Dec. 12, 2018).

However, [i]f joinder is improper under Rule 8, "the Court must order separate trials." *Adens*, 2015 WL 894205, at *2 (citing *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011)) ("Rule 8 requires severance where defendants were improperly joined").

Even if defendants are properly joined under Rule 8, "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" *Id.* (citing Fed. R. Crim. P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro*, 506 U.S. at 539).

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" *Id.* (quoting *United States v. Serubo*, 460 F.Supp. 689, 694 (E.D.Pa. 1978)); *see also Jones*, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to

order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government") (citations omitted).

## III.   DISCUSSION

Salgado argues that he should be tried separately from Suess, Driscoll, and Velazco because "[i]t is foreseeable that the government will offer a significant amount of evidence for the purpose of proving the obstruction offenses at a joint trial; that much of this evidence would be inadmissible against Salgado were he tried alone; and that admission of the evidence in a joint trial will prejudice Salgado." (Doc. 180 at 7-8); *see also United States v. Green*, 114 F.4th 163, 172 (3d Cir. 2024) ("[t]he risk for an unfair trial may occur . . . when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant"). Such prejudice, according to Salgado, will "prevent the jury from making a reliable judgment about guilt or innocence." (Doc. 180 at 11) (quoting *Zafiro*, 506 U.S. at 539).

More specifically, Salgado argues that evidence proving the obstruction offenses would be irrelevant and inadmissible if he were tried separately because it will not make his guilt more probable with respect to his charges. (Doc. 180 at 8) (citing Fed. R. Evid. 401 ("Evidence is relevant

- 6 -

if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action")) (citing Fed. R. Evid. 402 ("Irrelevant evidence is not admissible")).

He further asserts that "even assuming some of the evidence proving the obstruction offenses had some probative value in relation to proving Salgado's guilt of the charges against him, that value would be 'substantially outweighed by a danger of . . . unfair prejudice, confusing the issues . . . undue delay, [and] wasting time.'" (Doc. 180 at 8) (citing Fed. R. Evid. 403). He clarifies that "obstruction-related testimony, witnesses, and exhibits would delay resolution of the charges against Salgado only to confuse the issues, a waste of time rendering the evidence inadmissible, even putting unfair prejudice aside." *Id.* at 9. With respect to unfair prejudice, he claims that the inadmissibility of the evidence at trial, coupled with the "well-understood [fact] that evidence of obstruction may suggest consciousness of guilt of the offenses under investigation when the obstruction occurred," render a joint trial unacceptable. *Id.* Moreover, Salgado claims that because the jury "could hear instructions positing five defendants . . . conscious of their guilt by way of guilty plea or obstruction," a jury instruction will not suffice to prevent the jury from "inferring Salgado's *mens rea* from that of the others."

- 7 -

*Id.* at 10. The Government, in response, argues that "such evidence is also probative of his own consciousness of guilt," and that, therefore, the court "should [not] worry that the jury may wrongly infer Salgado's *mens rea* from that of other defendants." (Doc. 207 at 21-22).

The court is unpersuaded by Salgado's arguments. It is standard practice to conduct a joint trial for defendants charged in the same indictment. *Zafiro*, 506 U.S. at 537 ("There is a preference in the federal system for joint trials of defendants who are indicted together"). Indeed, the Third Circuit has long expressed a preference for joint trials where defendants are charged with conspiracy. *See United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986) (finding that participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if evidence against one is more damaging than that against another). In cases where defendants are alleged to have participated in a conspiracy, a joint trial on both the conspiracy and related counts "aid[s] the finder of fact in determining the full extent of the conspiracy and prevent[s] the tactical disadvantage to the government from disclosure of its case." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) (citation omitted); *see also United States v. Green*, 114 F.4th 163, 176 (3d Cir. 2024) ("grouping defendants who are part of a single conspiracy into a single trial

makes intuitive sense. Because a coconspirator's crime is an agreement to commit another crime, trying together all the parties to that agreement is both efficient and a better means of presenting the scope of a criminal conspiracy to a jury").

Furthermore, severance under Rule 14 is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Where, as here, there may be risk of prejudice against one defendant because of evidence against his codefendants, "the question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)). Further, jury instructions directing separate consideration of each defendant are "persuasive evidence that refusals to sever did not prejudice [a] defendant." *Id.* at 171 (internal citation omitted). Contrary to Salgado's belief, the court finds that it can mitigate any prejudice that may be caused by a joint trial with a proper limiting instruction, enabling the jury to "compartmentalize," rather than granting the more extreme remedy of severance. *See* 3d Cir. MJI 3.12-3.15; *see also United*

- 9 -

*States v. Brown*, 849 F.3d 87, 92 (3d Cir. 2017) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion").

Thus, the court finds that severance is not needed here. To the extent necessary, the court will provide the jury with a limiting instruction at trial, which will address Salgado's concerns without undermining judicial economy or placing the Government at a tactical disadvantage.

## IV.    CONCLUSION

For the foregoing reasons, defendant Luis Salgado's motion for relief from prejudicial joinder will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 4/22/26
24-308-05