UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　：

v.　　　　　　　　　　　　：　CRIMINAL NO. 3:24-308

FRANK SUESS, *et al.*,　　　　：　　(JUDGE MANNION)

Defendants　　　　：

## MEMORANDUM

Pending before the court is defendant Luis Salgado's motion *in limine* to exclude expenditure evidence. (**Doc. 181**). For the reasons stated herein, the motion will be **DENIED**.

I.　　BACKGROUND

On November 13, 2024, a federal grand jury issued a 55-count indictment against defendants Frank Suess, Melissa Driscoll, Luis Salgado, Victor Velazco, Warren Pizik, Dave Singh, and Diana Castro. (Doc. 1). The indictment charged the defendants with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §1349, ten counts of health care fraud, in violation of 18 U.S.C. §1347, and all but Castro with an additional ten counts of healthcare fraud. *Id.* Additionally, the indictment charged Suess, Velazco, Salgado, Pizik, and Driscoll with conspiracy to violate the anti-kickback statute, in violation of 18 U.S.C. §371, and 16 counts of violation of the anti-kickback statute, in violation of 42 U.S.C. §§1320a-7b(b)(1)-(2). *Id.* It further

charged Suess, Velazco, and Driscoll with another 13 counts of violation of the anti-kickback statute, conspiracy, in violation of 18 U.S.C. §371, obstruction of criminal investigations of health care offenses, in violation of 18 U.S.C. §1518, and two counts of destruction, alteration, or falsification of records in Federal investigations, in violation of 18 U.S.C. §1519. *Id.*

The charges stem from an alleged fraud scheme in which medically unnecessary prescriptions for "footbaths," containing a variety of prescription drugs, and solicited by marketers, were filled, netting profits for the owners of the pharmacies filling them and their co-conspirators. (Doc. 1).

According to the indictment, Salgado's "responsibility was to identify beneficiaries whose insurance providers could be billed for high-cost prescription drugs." *Id.*, ¶ 51. In return, Salgado, through his company MedX Marketing Solutions LLC ("MedX"), allegedly received kickbacks. *Id.*, ¶¶ 114-126. Furthermore, the indictment alleges that Salgado "transferred to himself from MedX approximately $488,912.11 . . . used MedX proceeds to pay for various personal expenses, including credit card bills, vehicles, jewelry, and cosmetic surgery . . . [and] also utilized MedX proceeds to purchase a condominium located in or around Naperville, IL." *Id.*, ¶ 121.

On March 6, 2026, Salgado filed the present motion to exclude the expenditure evidence referenced in the indictment, and an accompanying

brief in support. (Docs. 181, 182). On April 3, 2026, the Government filed its brief in opposition. (Doc. 207). Finally, on April 13, 2026, Salgado filed a reply brief to the Government's brief in opposition. (Doc. 221). The motion is thus ripe for disposition.

## II.    LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. Of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

- 3 -

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F.Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III.   DISCUSSION

Under Federal Rules of Evidence 401 and 402, relevant evidence is generally admissible. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In *United States v. Joyce*, the Third Circuit considered the very issue before this court—whether expenditure evidence in fraud cases may be admitted to prove motive and intent. 373 F.App'x 172 (3d Cir. 2010). In affirming the district court's decision to admit such evidence, the court reasoned that "[e]vidence of [the defendant's] financial situation and post-settlement expenditures was also probative of motive . . . [and that] [b]ecause . . . the expenditures were probative as to [the defendant's] intent to defraud

- 4 -

and motive, they would be admissible unless the probative value was substantially outweighed by danger of unfair prejudice." *Id.* at 179-180. Noting the risk of prejudice because of the lavish nature of the defendant's lifestyle, the court found that the "jury was properly instructed not to be swayed by any such prejudice or bias." *Id.* at 180. Furthermore, "[c]ourts have routinely found evidence of extravagant expenditures admissible as proof of motive." *United States v. Salzano*, 2024 WL 866885, at *10 (D.N.J. Feb. 26, 2024) (internal citations omitted).

Here, Salgado argues that admission of the expenditure evidence will be unfairly prejudicial and that "[t]o the extent it is probative of his gains from the alleged fraud . . . [it] will be cumulative [and] inferior to the best evidence on the same point (the transfers from MedX to himself)." (Doc. 182 at 8). The court disagrees. The probative value is not substantially outweighed by the potential for unfair prejudice against Salgado. The expenditure evidence is highly probative of the motive behind Salgado's alleged crimes, and the court may instruct the jury to set aside prejudices or biases that could influence how it perceives such evidence. Furthermore, the probative value of the expenditure evidence is similarly not substantially outweighed by the risk of "needlessly presenting cumulative evidence." Fed. R. Evid. 403. As the Government notes in its brief in opposition, "evidence of Salgado's

- 5 -

expenditures is expressly alleged [in the indictment] and therefore goes to the Government's burden of proof at trial . . . the condominium that Salgado allegedly purchased using MedX proceeds is named in the Indictment's forfeiture allegations . . . [which] the jury will be required to determine if it renders a guilty verdict." (Doc. 207 at 30-31). The expenditure evidence is critical to the Government's proving motive, and, therefore, would not be needlessly cumulative if presented at trial.

## IV.    CONCLUSION

For the foregoing reasons, defendant Luis Salgado's motion to exclude expenditure evidence will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 4/22/26
24-308-04

- 6 -